## MURCHISON et al. v. KULAWIK.

(Court of Civil Appeals of Texas. Ft. Worth.
May 31, 1912. Rehearing Denied
June 29, 1912.)

VENUE (§ 21*)—PRIVILEGE OF DEFENDANTS.

Sayles' Ann. Civ. St. 1897, art. 1194, subd. 17, provides that a suit brought to enjoin the execution of a judgment shall be brought in the county in which such judgment was rendered, or in which the suit is pending. Complainant having been awarded certain attorney's fees in gambling prosecutions in K. county against residents of H. county, B., as their assignee, sued in a justice court of H. county to recover a part of such allowance as excessive. While such suit was pending, complainant instituted suit in K. county against the justice, B., and his attorney to restrain a further prosecution of the suit, alleging that all the defendants resided in H. county. *Held*, that the suit was improperly brought in K. county, and that defendants' plea of special privilege should have been granted.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

Appeal from District Court, Knox County; Jo. A. P. Dickson, Judge.

Suit by Stanley Kulawik against W. H. Murchison and others. Decree for complainant, and defendants appeal. Reversed, with instructions.

W. H. Murchison, of Haskell, for appellants. J. S. Kendall and D. J. Brookreson, both of Benjamin, for appellee.

DUNKLIN, J. Grover Jones, Henry Jones, and T. A. Bolt were convicted of gaming, in the justice's court of precinct No. 5 of Knox county. A fee of $15 in favor of Hon. Stanley Kulawik, county attorney of Knox county, was taxed as a part of the costs of suit in each of the three cases filed against the parties, and the fines and costs adjudged in all the cases were duly paid. J. D. Boone then instituted a suit in the justice's court of Haskell county, before W. J. Fairis, justice of the peace, against Stanley Kulawik, Grover and Henry Jones, and T. A. Bolt, alleging that the fees collected by the county attorney in each of the cases mentioned were $10 in excess of the fee fixed by the statute; that the defendants in those cases had transferred and assigned to him (Boone) their respective claims against Kulawik for such excess fees; and he prayed for judgment against Kulawik, as principal, and the other defendants, as guarantors, for the sum of $30, the aggregate amount of the alleged excess fees.

While that suit was pending in the justice's court of Haskell county, Kulawik instituted this suit, now before us, in the district court of Knox county against W. J. Fairis, the justice of the peace, J. D. Boone, and W. H. Murchison, his attorney, to re-strain further proceedings in the suit to recover such excess fees. The judge of the district court of Knox county first granted a temporary writ of injunction as prayed for, and later, upon a trial of the merits of the suit, perpetuated the writ. From that judgment, the defendants have appealed.

In his petition for the injunction, Kulawik alleged that the defendants all resided in Haskell county. Both by special exception and by plea, the defendants claimed their statutory privilege to be sued in Haskell county, the county of their residence, and also urged an exception to the jurisdiction of the court to hear and determine the suit, in view of the showing in plaintiff's petition that the only relief sought was the stay of proceedings in the suit pending in Haskell county. Error is assigned to all those rulings.

Article 1194, Sayles' Civil Statutes, reads: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit."

Subdivision 17 of the article just quoted is as follows: "When the suit is brought to enjoin the execution of a judgment or to stay proceedings in any suit, in which case the suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

These provisions of the statute show conclusively that the court erred in overruling defendants' special exceptions, in which they insisted upon their statutory privilege to be sued in the county of their residence. See, also, Foust v. Warren, 72 S. W. 404.

The petition contains no allegations to show that the facts urged as a ground for the injunction cannot be shown as a defense to the suit pending in the justice court of Haskell county. Predicated in part upon the absence of such allegations from the petition, appellants insist that, even as against a general demurrer, plaintiff's petition for injunction in this suit shows no sufficient basis for the relief sought. As the proper court has not had an opportunity to consider the petition, it is presumed that the proper decision will be reached upon this question, the merits of which, therefore, will not be discussed.

For the error noted, the judgment of the trial court is reversed, the writs of injunction, both temporary and permanent, dissolved, and the cause is remanded, with instructions to transfer the suit to the district court of Haskell county for further proceedings in accordance with the provisions of the act of the Legislature passed in 1907. See Acts 1907, p. 248.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes